# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES T., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 20 CV 4990 <br><br> Magistrate Judge McShain |

## ORDER

Plaintiff James T. brings this action under 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's (SSA) decision denying his application for benefits. For the following reasons, the Court reverses the SSA's decision, denies the Acting Commissioner of Social Security's motion for summary judgment [32],[2] and remands this case to the agency for further administrative proceedings.

## Background

### A.     Procedural Background

In 2013, plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income; both applications alleged a disability onset date of April 1, 2013. [18-1] 105. The claims were rejected initially and on reconsideration. [*Id*.]. Plaintiff requested a hearing before an administrative law judge (ALJ), which proceeded on August 26, 2016. [*Id*.]. The ALJ found that plaintiff was not disabled and denied his applications, and the Appeals Council denied review in October 2017. [*Id*.] 1-6. Plaintiff appealed to this Court, and on October 18, 2016, the Court remanded for further proceedings.

---

[1] In accordance with Fed. R. Civ. P. 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as the defendant in this case in place of the former Commissioner of Social Security, Andrew Saul.

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [18, 24], which refer to the page numbers in the bottom right corner of each page.

[18-2] 858-59. In accordance with an order from the Appeals Council, the ALJ held two additional hearings on plaintiff's applications in November 2019 and April 2020. [*Id.*] 769-810; [24-1] 1798-1833. On April 27, 2020, the ALJ issued a written decision again finding that plaintiff was not disabled. [18-2] 742-60. Plaintiff appealed again to this Court, and the Court has subject-matter jurisdiction under 42 U.S.C. § 405(g).[3]

### B.     The ALJ's Decision

In her April 2020 decision on remand from this Court, the ALJ reviewed plaintiff's disability claim in accordance with the SSA's five-step sequential evaluation process. At step one of her decision, the ALJ found that plaintiff had not engaged in substantial gainful employment since his alleged onset date. [18-2] 745.[4] At step two, the ALJ determined that plaintiff had the following severe impairments: osteoarthritis of the elbows, degenerative joint disease/osteoarthritis of the right hand and knee, carpel tunnel syndrome, bipolar affective disorder, major depressive disorder, and polysubstance use disorder. [*Id.*] 745, 751. At step three, the ALJ ruled that plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments. [*Id.*] 751-53. Before turning to step four, the ALJ determined that, if plaintiff "stopped the substance use," he would have the residual functional capacity (RFC) to perform less than a full range of medium work with certain physical and mental restrictions. [*Id.*] 753-58. Relevant to plaintiff's appeal, the ALJ found that plaintiff "retains the capacity to understand, remember, concentrate, persist, and perform simple routine work in [a] low-stress environment, defined as[ ] having simple work-related decisions and routine changes in work environment." [*Id.*] 753. The ALJ also concluded that plaintiff can "attend for 2 hours at a time for simple tasks, but would require a break for 15 minutes, which could be accommodated by routine breaks and lunch." [*Id.*]. Finally, the ALJ found that plaintiff should be free from fast-paced work, but would be able to meet daily quotas. [*Id.*]. At step four, the ALJ held that plaintiff could not perform his past relevant work as a cook. [*Id.*] 758. At step five, the ALJ found that a significant number of jobs existed in the national economy that plaintiff could perform: laundry worker (33,000 jobs), industrial cleaner (92,000 jobs), and laborer (45,000 jobs). [*Id.*] 758-59. Accordingly, the ALJ determined that plaintiff was not disabled. [*Id.*] 759.

---

[3] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. [11].

[4] Because plaintiff suffered from a substance-use disorder, the ALJ analyzed plaintiff's disability claim in two different ways: one in which the ALJ assumed that plaintiff's substance abuse would continue, *see* [18-2] 745-51, and one in which the ALJ assumed that plaintiff would halt his substance abuse, *see* [*id.*] 751-59. Because plaintiff does not challenge the former component of the ALJ's decision (where the ALJ found that plaintiff would be disabled if his substance abuse did not abate), the Court discusses only the latter component of the ALJ's decision, which was unfavorable to plaintiff.

2

**Legal Standard**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ conducts a sequential five-step inquiry: (1) whether the claimant is unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairments; (4) whether the claimant is unable to perform her past relevant work; and (5) whether the claimant is unable to perform any other available work in light of her age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). But the standard "is not entirely uncritical. Where the Commissioner's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Brett D. v. Saul*, No. 19 C 8352, 2021 WL 2660753, at *1 (N.D. Ill. June 29, 2021) (internal quotation marks and citation omitted).

**Discussion**

Plaintiff argues that the ALJ's decision should be reversed and remanded because (1) the ALJ did not include a limitation to 1-2 step unskilled tasks in the hypothetical questions posed to the vocational expert (VE) or the RFC determination; (2) the ALJ violated the law of the case doctrine and did not adequately account for plaintiff's limitations in concentrating, persisting, and maintaining pace; (3) substantial evidence did not support the manipulative limitations in the RFC determination; and (4) the ALJ's subjective symptom analysis was patently erroneous. *See* [20] 4-16. For the following reasons, the Court agrees that the ALJ erred by failing to either include the 1-2 step unskilled task limitation in the RFC determination or explain why she declined to do so.[5]

---

[5] Because this issue is dispositive, the Court does not address plaintiff's other grounds for reversal.

### A. The ALJ Erred by Failing to Explain Why She Did Not Include a 1-2 Step Unskilled Task Limitation in the RFC Determination.

"A disability claimant's RFC describes the maximum she can do in a work setting despite her mental and physical limitations." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). "An ALJ must evaluate all relevant evidence when determining an applicant's RFC[.]" *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). "Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence." *Id.* at 592.

In this case, state agency psychological consultant Tyrone Hollerauer assessed plaintiff's mental RFC at the reconsideration level. *See* [18-1] 96-97. Among other things, Dr. Hollerauer opined that plaintiff was "limited to 1-2 step unskilled tasks." [*Id.*] 97. After summarizing the contents of Dr. Hollerauer's assessment in her written decision, the ALJ gave that assessment "moderate weight":

> Moderate weight is given to the [*sic*] Dr. Hollerauer's assessment, as the objective medical evidence support[s] the degree of limitation as noted. He identified the claimant's difficulty concentrating at time[s] and a psychiatric consultative examination report that showed concentration deficits. The record also reflects the claimant's mental impairments are complicated by his history of polysubstance drug abuse. However, he showed improvement with drug use cessation and medication compliance. Further, Dr. Hollerauer based his opinion on a thorough review of the record, and the contemporaneous treatment notes from the claimant's treatment provider, routinely identifying unremarkable mental status exams, and that the claimant has only required intermittent conservative care during the relevant time period. While Dr. Hollerauer's opinion is consistent with the record at the time the opinion was rendered, the undersigned considered additional evidence at the hearing level as well as claimant testimony that supports the current mental limitations noted in the decision without substance abuse.

[18-2] 756-57.

Despite giving moderate weight to Dr. Hollerauer's assessment, the ALJ did not include the 1-2 step unskilled task limitation in the RFC determination or explain why she did not do so. *See* [18-2] 753. Nor did the ALJ include this limitation in any of the hypothetical questions she posed to the VE. *See* [24-1] 1826-28. Instead, the ALJ purported to account for plaintiff's mental limitations by restricting him to performing simple work in a low-stress environment that entailed only "simple work-related decisions and routine changes in the work environment." [18-2] 753.

4

The Court concludes that the ALJ erred by failing to either adopt Dr. Hollerauer's 1-2 step unskilled tasks limitation or explain why she declined to do so. An ALJ "must explain [her] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Moira L. v. Kijakazi*, No. 19 C 2687, 2022 WL 846469, at *2 (N.D. Ill. Mar. 22, 2022) (internal quotation marks omitted). When evaluating opinion evidence, the ALJ "is not required to credit every part of a medical opinion just because he credits one part." *Stephens v. Colvin*, No. 14-cv-3117, 2016 WL 1271050, at *10 (N.D. Ill. Mar. 29, 2016), *aff'd*, 671 F. App'x 390 (7th Cir. 2016). But the ALJ was "required to–and did not–explain why [s]he adopted some of [Dr. Hollerauer's] findings and rejected others." *Diaz v. Berryhill*, No. 16 C 11149, 2017 WL 4163959, at *2 (N.D. Ill. Sept. 20, 2017) (remanding for new RFC determination where ALJ gave "some weight" to state agency psychologists' opinions but did not explain why RFC omitted their recommendation that plaintiff was limited to 1-2 step tasks); *accord Rita R. v. Kijakazi*, No. 21 C 5631, 2023 WL 2403139, at *3-4 (N.D. Ill. Mar. 8, 2023) (remanding where ALJ "did not provide any explanation concerning her apparent rejection of the one-to-two step task limitation, and thus obviously did not provide the requisite explanation and logical bridge"); *Mildred B. v. Kijakazi*, No. 19 CV 3532, 2022 WL 1746849, at *3-5 (N.D. Ill. May 31, 2022) (remanding where ALJ gave considerable weight to opinion of state agency consultant who opined that plaintiff was limited to 1-2 step tasks but did not include that limitation in RFC determination and failed to explain why she did not adopt that limitation); *Ghada G. v. Kijakazi*, No. 19 C 6306, 2022 WL 580782, at *7 (N.D. Ill. Feb. 25, 2022) ("[I]t is generally alright when an ALJ draws her hypothetical/residual functional capacity finding directly from the opinions of the state agency reviewing doctors. But the ALJ didn't do that here. She rejected the limitation to 'simple 1-2 step tasks' and didn't explain why. That has to be addressed on remand as well.") (internal citations omitted); *Martinez v. Berryhill*, No. 16 C 9240, 2018 WL 2984829, at *3 (N.D. Ill. Jun. 14, 2018) (remanding where ALJ gave great weight to agency consultants' opinions that plaintiff was limited to 1-2 step tasks, but "did not include a one- to two-step task limitation in his ultimate RFC determination or in his hypothetical questions posed to the VE" and instead "limited Plaintiff to simple, routine tasks").

The ALJ's error was a critical one because the 1-2 step unskilled task limitation identified by Dr. Hollerauer is more restrictive than the limitation to simple work that the ALJ included in the RFC determination. Cases from the Northern District of Illinois "have repeatedly interpreted the restriction [to 1-2 step tasks] to limit a claimant to Level 1 Reasoning jobs," as defined by the Dictionary of Occupational Titles (DOT). *Kevin W. v. Kijakazi*, No. 20-cv-6557, 2023 WL 35178, at *4 (N.D. Ill. Jan. 4, 2023); *see also Deborah B.*, 2022 WL 1292249, at *4 ("the limitation to one-to-two step tasks is more restrictive than just the limitation to simple work found by the ALJ"). In contrast, "a restriction to 'simple work' could include jobs with a Reasoning Level of 2 or higher." *Kevin W.*, 2023 WL 35178, at *4. Notably, each of the jobs that the ALJ found that plaintiff could perform was a Reasoning Level 2 or 3 job. *See* DOT 361.684-018 Spotter I, 1991 WL 672984 (laundry

5

worker jobs are Reasoning Level 3 positions); DOT 381.687-018 Cleaner, Industrial, 1991 WL 673258 (industrial cleaner jobs are Reasoning Level 2 positions); DOT 922.687-058 Laborer, Stores (laborer jobs are Reasoning Level 2 positions). Had the ALJ limited plaintiff to 1-2 step unskilled tasks, as Dr. Hollerauer had opined, this work would have been precluded, and (on the present record at least), plaintiff would have been found disabled.

The Acting Commissioner's arguments to the contrary are meritless.

First, the Acting Commissioner contends that plaintiff's "entire argument is premised on the mistaken believe [*sic*] that the ALJ 'effectively adopted' Dr. Hollerauer's opinion." [33] 4. The Acting Commissioner emphasizes that the ALJ only gave moderate weight to the opinion and noted that "additional evidence received at the hearing level reflected different limitations from those assessed by Dr. Hollerauer." [*Id.*]. But plaintiff is not arguing that the ALJ had to adopt every component of Dr. Hollerauer's opinion simply because she gave the opinion moderate weight. Plaintiff is arguing that the ALJ needed to explain why, having given moderate weight to Hollerauer's assessment of his mental capabilities, she did not include an important part of that assessment: the restriction to 1-2 step unskilled tasks. And while the Acting Commissioner suggests that the ALJ did not adopt this limitation because of the "additional evidence received at the hearing level," the ALJ did not specify what evidence she was referring to or explain why (or whether) it caused her to reject the 1-2 step unskilled tasks limitation. *See Angelica R. v. Kijakazi*, No. 3:21-CV-50369, 2023 WL 1971647, at *3 (N.D. Ill. Jan. 6, 2023) ("Merely mentioning the one-to-two-step task limitation was not the same as fully addressing and analyzing the PC's opinions."); *Mack v. Berryhill*, No. 16 CV 11578, 2018 WL 3533270, at *3 (N.D. Ill. Jul. 23, 2018) (by "cho[osing] to discard portions of [state agency psychologist's opinion] in his RFC without any discussion of how the evidence supports his ultimate conclusions . . . the ALJ failed to build a logical bridge from the evidence to his conclusion that Claimant should not be limited to one to two step tasks").

Second, the Acting Commissioner contends that plaintiff failed "to establish that a one- to two-step limitation should have been included in the RFC assessment in the first place." [33] 4. Incredibly, the Acting Commissioner faults plaintiff for "cherry-pick[ing]" evidence that is consistent with Dr. Hollerauer's opinion–such as "pieces of his own testimony and mental exam findings generally"–before dismissing plaintiff's effort to corroborate Dr. Hollerauer's assessment as "lay speculation." [*Id.*] 4-5. Contrary to the Acting Commissioner's position, plaintiff more than met his burden to introduce evidence that supported his disability claim: the agency's own psychological consultant opined that plaintiff could not perform more than 1-2 step unskilled tasks. The error here was the ALJ's failure to articulate, however minimally, any basis for excluding that limitation in the RFC determination.

6

Third, the Acting Commissioner argues that the ALJ's error was harmless because plaintiff "fail[ed] to establish that the jobs identified by the ALJ . . . were incapable of being performed by an individual limited to the performance of one- to two-step tasks." [33] 5. The Acting Commissioner contends that plaintiff's argument, which depends on the Reasoning Level classifications in the DOT, is nothing but "lay speculation." [*Id.*]. The Acting Commissioner does not explain why it takes an expert to determine the Reasoning Level associated with a particular job listing in the DOT, nor does she engage with any of the many, many cases from the Northern District of Illinois explaining why a limitation to 1-2 step tasks precludes jobs with a Reasoning Level greater than Level 1. And while the Acting Commissioner relies on *Surprise v. Saul*, 968 F.3d 658, 663 (7th Cir. 2013), for the proposition that "there is no apparent conflict between a simple task limitation and level 3 reasoning," this argument begs the critical question raised in plaintiff's appeal: did the ALJ properly account for plaintiff's mental limitations by restricting him to simple work, or should the ALJ have gone further and limited him to performing 1-2 step unskilled tasks? The ALJ's failure to address that question requires a remand.

## Conclusion

For the reasons set forth above, plaintiff's request to reverse the SSA's decision and remand this case to the agency [27] is granted, and the Acting Commissioner's motion for summary judgment [32] is denied. The decision of the SSA is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: December 1, 2023**